# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

COAST RUNNER, INC.,

       Plaintiff,

v.

KICKSTARTER, PBC; INDIEGOGO, INC.; LAUNCHBOOM, INC.; JOHN DOES #1 AND #2,

       Defendants.

**Civil Action No. 7:24-326-DC-RCG**
District Judge David Counts
Magistrate Judge Ronald C. Griffin

## INDIEGOGO, INC.'S MOTION TO SEVER AND TRANSFER VENUE, OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION AND STAY

**PAUL HASTINGS LLP**

Paul R. Genender
Texas State Bar No. 00790758
paulgenender@paulhastings.com
2001 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:    1(972) 936-7500
Facsimile:    1(972) 936-7501

Ryan Phair (*pro hac vice* pending)
ryanphair@paulhastings.com
2050 M Street NW
Washington, DC 20036
Telephone:    (202) 551-1751

***Attorneys for Defendant INDIEGOGO, INC.***

### TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 1

ARGUMENT ............................................................................................................... 5

    I.    The Forum-Selection Clause Requires That Plaintiff's Claims Against Indiegogo Be Transferred To The Northern District Of California. ..................... 5

        A.    The Forum-Selection Clause Is Valid, Enforceable, And Mandatory. ............................................................................................ 6

        B.    The Forum-Selection Clause Applies To Plaintiff's Claims. ................... 8

        C.    Public Interest Factors Do Not Override The Parties' Agreement. ........... 9

        D.    The Court Should Sever The Claims Against Indiegogo ......................... 11

    II.    The Arbitration Clause Requires That Plaintiff's Claims Against Indiegogo Be Ordered to Arbitration. ................................................................ 12

        A.    Plaintiff And Indiegogo Formed A Valid Agreement To Arbitrate. ....... 13

        B.    Plaintiff And Indiegogo Agreed That The Arbitrator Would Decide Issues of Arbitrability. ........................................................................... 15

        C.    Plaintiff's Claims Against Indiegogo Should Be Stayed And Ordered To Arbitration. .......................................................................... 17

CONCLUSION ......................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Archer & White Sales, Inc. v. Henry Schein Inc.*,
  935 F.3d 274 (5th Cir. 2019) ...............................................................................16

*AT&T Mobility, LLC v. Concepcion*,
  563 U.S. 333 (2011)............................................................................................12

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,
  571 U.S. 49 (2013).....................................................................................6, 9, 11

*Banc One Acceptance Corp. v. Hill*,
  367 F.3d 426 (5th Cir. 2004) ...............................................................................13

*Bugarin v. All Nippon Airways Co.*,
  No. 20-cv-03341, 2021 WL 4974978 (N.D. Cal. Oct. 26, 2021) ...........................15

*BuzzBallz, LLC v. MPL Brands NV, Inc.*,
  No. 1:23-CV-1115, 2024 WL 3282492 (W.D. Tex. July 2, 2024)........................10

*California v. Coast Runner Indus. Inc.*,
  Case No. 37-02024-00020896 (Cal. Super. Ct.)...................................................7

*Children's Health Def. v. Facebook Inc.*,
  546 F. Supp. 3d 909 (N.D. Cal. 2021),
  *aff'd* 112 F.4th 742 (9th Cir. 2024)......................................................................10

*Cruz as Next Friend for F.M.C. v. Carnival Corp.*,
  No. 23-cv-00834, 2023 WL 4923974 (W.D. Tex. Aug. 1, 2023)...........................7

*Green Tree Fin. Corp.-Alabama v. Randolph*,
  531 U.S. 79 (2000)..............................................................................................17

*Haynsworth v. The Corp.*,
  121 F.3d 956 (5th Cir. 1997) .......................................................................6, 7, 8

*Henry Schein, Inc. v. Archer and White Sales, Inc.*,
  586 U.S. 63 (2019)..............................................................................................16

*In re Online Travel Co.*,
  953 F. Supp. 2d 713 (N.D. Tex. 2013) ...........................................................15, 17

*In re Rolls Royce Corp.*,
  775 F.3d 671 (5th Cir. 2014) .......................................................................11, 12

*In re TikTok, Inc.*,
 85 F.4th 352 (5th Cir. 2023) ...................................................................................11

*In re Volkswagen AG*,
 371 F.3d 201 (5th Cir. 2004) ....................................................................................9

*IQ Prods. Co. v. WD-40 Co.*,
 871 F.3d 344 (5th Cir. 2017) ..................................................................................13

*Johnson v. Sw. Recovery Servs. Inc.*,
 No. 3:22-CV-242, 2023 WL 1944127 (N.D. Tex. Jan. 24, 2023) ...........................14

*Klebba v. Netgear, Inc.*,
 No. 1:18-CV-438, 2019 WL 453364 (W.D. Tex. Feb. 5, 2019).............................14

*Kubala v. Supreme Prod. Servs., Inc.*,
 830 F.3d 199 (5th Cir. 2016) ............................................................................13, 16

*Matter of Willis*,
 944 F.3d 577 (5th Cir. 2019) ..................................................................................16

*Matthews v. Tidewater, Inc.*,
 108 F.4th 361 (5th Cir. 2024) ...................................................................................5

*Mendoza v. Microsoft, Inc.*,
 1 F. Supp. 3d 533 (W.D. Tex. 2014).........................................................................7

*Morgan-Rinehart v. Van de Perre*,
 No. 16-cv-01327, 2017 WL 1383933 (W.D. Tex. Apr. 12, 2017) ...........................8

*MSC Mediterranean Shipping Co. S.A. v. BNSF Ry. Co.*,
 No. 4:24-cv-01129, 2025 WL 546553 (N.D. Tex. Feb. 19, 2025) ...........................5

*Nay v. All. RV, LLC*,
 No. 24-cv-00168, 2024 WL 3311428 (W.D. Tex. Apr. 17, 2024) ...........................9

*Nevarez v. Forty Niners Football Co.*,
 No. 16-cv-07013, 2017 WL 3492110 (N.D. Cal. Aug. 15, 2017) ...........................15

*Noble House, LLC v. Certain Underwriters at Lloyd's, London*,
 67 F.4th 243 (5th Cir. 2023) .................................................................................6, 7

*O'Handley v. Padilla*,
 579 F. Supp. 3d 1163 (N.D. Cal. 2022),
 *aff'd* 62 F.4th 1145 (9th Cir. 2023).........................................................................10

*PCL Civ. Constructors, Inc. v. Arch Ins. Co.*,
 979 F.3d 1070 (5th Cir. 2020) ..................................................................................8

*Rodriguez v. Experian Servs. Corp.*,
  No. 15-cv-3553, 2015 WL 12656919 (N.D. Cal. Oct. 5, 2015) ............................................15

*Rogalinski v. Meta Platforms, Inc.*,
  2022 WL 3219368 (N.D. Cal. Aug. 9, 2022),
  *aff'd* 2023 WL 7876519 (9th Cir. Nov. 16, 2023) ..................................................10

*Samuels v. Bird Rides, Inc.*,
  No. 19-cv-01025, 2020 WL 4557054 (W.D. Tex. June 6, 2020) ...........................................15

*Smith v. Spizzirri*,
  601 U.S. 472 (2024)..................................................17

*Sobel ex rel. SolarWinds Corp. v. Thompson*,
  No. 1:21-CV-272, 2023 WL 4356066 (W.D. Tex. July 5, 2023)...........................................9

*Wilprit v. Cap. One Bank USA, N.A.*,
  No. 3:22-cv-00452, 2023 WL 8869366 (N.D. Tex. Nov. 30, 2023) ......................................7

*Wise Guys I v. Meta Platforms, Inc.*,
  No. 3:23-CV-0217, 2023 WL 8434452 (N.D. Tex. Dec. 4, 2023) ........................................6

*Wolfe v. CareFirst of Md., Inc.*,
  2010 WL 1998290 (E.D. Tex. Apr. 27, 2010) ..........................................8

**STATUTES**

9 U.S.C. § 2..................................................12

9 U.S.C. § 3..................................................17

28 U.S.C. § 1404(a) ..................................................5, 6, 9, 12

**RULES**

Fed. R. Civ. P. 21 ..................................................11

Fed. R. Civ. P. 12(b)(6)..................................................4

## INTRODUCTION

Defendant Indiegogo, Inc. ("Indiegogo") files this Motion to Sever and Transfer Venue, or, in the Alternative, Motion to Compel Arbitration and Stay ("Motion").  In this case, Plaintiff Coast Runner, Inc. ("Plaintiff") brings claims against Indiegogo alleging violation of the Sherman Antitrust Act, violation of the Texas Free Enterprise and Antitrust Act, and civil conspiracy in connection with Indiegogo's decision to remove Plaintiff's crowdfunding campaign from the Indiegogo crowdfunding platform. *See* Plaintiff's Original Complaint, Dkt. 2 ("Compl.") ¶¶ 7–8.

Indiegogo and Plaintiff, however, have an agreement that identifies the United States District Court for the Northern District of California or a state court in San Francisco, California, as the proper venue for disputes between the two companies. *See* Ex. C (Terms of Use) § 18 to the Declaration of Danae Ringelmann ("Ringelmann Decl.").[1] In the same agreement, Indiegogo and Plaintiff further agreed that "any and all disputes between" Indiegogo and Plaintiff will be subject to arbitration. *Id.* § 19.

Consequently, the agreement between Indiegogo and Plaintiff requires that Plaintiff's claims against Indiegogo be severed and transferred to the Northern District California. Once in the proper venue, Indiegogo will file a renewed motion to compel arbitration pursuant to the agreement. Alternatively, Indiegogo asks that this Court enforce the agreement and order this portion of the dispute to arbitration.

## STATEMENT OF FACTS

Plaintiff's three claims against Indiegogo arise out of Indiegogo's alleged hosting and removal of Plaintiff's crowdfunding campaign on Indiegogo's crowdfunding platform from February 29 to March 1, 2024. Compl. ¶¶ 7–8.

---

[1] The Declaration of Danae Ringelmann, dated February 28, 2025, is attached hereto as **Exhibit 1** and incorporated herein fully by reference.

Plaintiff alleges that it launched its crowdfunding campaign on Indiegogo's crowdfunding platform on February 29, 2024. Compl. ¶ 7. In order to launch a campaign on Indiegogo's website, campaign owners must first sign up for an account on Indiegogo's website. *See* Ringelmann Decl. ¶ 4. Plaintiff created an account on Indiegogo's website on February 28, 2024. Ringelmann Decl. ¶ 10. When Plaintiff created its account, Indiegogo presented Plaintiff with the statement "I agree to the Terms of Use and have read and understand the Privacy Policy" next to an un-checked checkbox. *See* Ex. A to the Ringelmann Decl. (Account Creation Page); Ringelmann Decl. ¶¶ 6, 10–11. To proceed with creating an account, Plaintiff needed to click the checkbox and agree to the Terms of Use. *See* Ex. A; Ringelmann Decl. ¶ 6. In other words, Plaintiff could not have created an account without clicking the checkbox and agreeing to the Terms of Use. Indiegogo's Terms of Use are unchanged from the date Plaintiff created its Indiegogo account to the present. *See* Ex. C; Ringelmann Decl. ¶ 9. Plaintiff was presented with the Terms of Use a second time too, and was required to accept the Terms of Use again before it launched its crowdfunding campaign. Specifically, before Plaintiff could launch its crowdfunding campaign, it was presented with the statement that "By clicking 'Launch Campaign' you agree to Indiegogo's Terms of Use." *See* Ex. B to the Ringelmann Declaration (Launch Campaign Page); Ringelmann Decl. ¶ 7. After being presented with that statement, Plaintiff reaffirmed its agreement to the Terms of Use, and launched its campaign.

The Terms of Use that Plaintiff agreed to include both an arbitration provision and a forum-selection clause. First, as to the arbitration provision, the Terms of Use state, in bold font and before any other substantive content, the following:

**<u>IMPORTANT NOTICE</u>: <u>AGREEMENT TO ARBITRATION</u>. BY AGREEING TO THESE TERMS, USERS AGREE TO RESOLVE DISPUTES WITH INDIEGOGO THROUGH BINDING ARBITRATION AND USERS WAIVE CERTAIN RIGHTS TO PARTICIPATE IN CLASS**

**ACTIONS (AS DETAILED IN THE DISPUTE RESOLUTION, ARBITRATION AND CLASS ACTION WAIVER IN SECTION 19 BELOW).**

Ex. C at 1. Consistent with the above, in Section 19 and under the bolded language "**Legal Disputes Subject to Arbitration, Dispute Resolution, and Class Action Waiver**," the Terms of Use direct all disputes between Indiegogo and Plaintiff to arbitration:

> **PLEASE READ THIS SECTION CAREFULLY. IT AFFECTS YOUR LEGAL RIGHTS, INCLUDING YOUR RIGHT TO FILE A LAWSUIT IN COURT.**
>
> [. . .]
>
> **This Section is intended to be interpreted broadly and governs any and all disputes between us, including but not limited to claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory; claims that arose before these Terms or any prior agreement (including, but not limited to, claims related to interactions between users); and claims that may arise after the termination of these Terms. The only disputes excluded from this Section are the litigation of certain intellectual property and small court claims, as provided below.**
>
> [. . .]
>
> All Disputes shall be resolved before a single arbitrator in accordance with the JAMS Streamlined Arbitration Rules and Procedures for claims that do not exceed $250,000 and the JAMS Comprehensive Arbitration Rules and Procedures for claims exceeding $250,000, in each case applying the rules and procedures in effect at the time the arbitration is initiated, excluding any rules or procedures governing or permitting class actions.
>
> [. . .]
>
> The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of these Terms, Additional Policies, or the Privacy Policy, including but not limited to any claim that all or any part of these Terms, Additional Policies, or Privacy Policy is void or voidable, whether a claim is subject to arbitration, or the question of waiver by litigation conduct.

*Id.* § 19. Second, in Section 18 and under the bolded language "**Legal Disputes Not Subject to Arbitration Will Be Handled In San Francisco, CA and Subject to California Law**" is the

forum-selection clause, which points to state court in San Francisco, California, or the Northern

District of California:

> Indiegogo is based in San Francisco, California. For any action not subject to
> arbitration, you and Indiegogo agree to submit to the personal jurisdiction of a state
> court located in San Francisco, CA or the United States District Court for the
> Northern District of California.

*Id.* § 18. Moreover, before initiating arbitration, Plaintiff was required to engage in pre-arbitration

dispute resolution:

> ***Pre-Arbitration Dispute Resolution*** : For any and all disputes, claims, or
> controversies you may have against Indiegogo ("Disputes"), whether pursued in
> court or arbitration, you must first give us an opportunity to resolve the Dispute
> informally by contacting us through this email address: support@indiegogo.com
> with the following information: (1) your name, (2) your address, (3) a written
> description of your claim, and (4) a description of the specific relief you seek. If we
> do not resolve the Dispute within forty-five (45) days after receiving your
> notification, then you may pursue resolution of the Dispute in arbitration. You may
> pursue your Dispute in a court only under the circumstances described below.

*Id.* § 19. Plaintiff has not initiated the pre-arbitration dispute resolution procedures.

Despite the agreement to arbitrate all disputes with Indiegogo, the agreement to engage in

pre-arbitration dispute resolution, and the agreement for all suits to be filed in a San Francisco,

California state court or the Northern District of California, Plaintiff initiated this suit on

December 9, 2024, in the Western District of Texas. *See* Compl. ¶ 19. Indiegogo now asks the

Court to enforce Plaintiff's agreement with Indiegogo, and either transfer this case to the Northern

District of California pursuant to the forum-selection clause or order this case to arbitration

pursuant to the arbitration provision.[2]

---

[2] On February 28, 2025, Indiegogo concurrently filed its Motion to Dismiss pursuant to Rule 12(b)(6), as Plaintiff's
Complaint is substantively deficient in addition to the deficiencies discussed herein.

## ARGUMENT

Plaintiff and Indiegogo are two companies that entered into an agreement with each other. The agreement between Plaintiff and Indiegogo contains two provisions that control the outcome of this Motion. First, the agreement includes a forum-selection clause, which states that all suits between Plaintiff and Indiegogo must take place in a state court in San Francisco, California or the Northern District of California. And second, the agreement includes an arbitration provision, which provides that all disputes between Plaintiff and Indiegogo must be submitted to arbitration. This Motion asks the Court to enforce the forum-selection clause and arbitration provision between Plaintiff and Indiegogo. Specifically, Indiegogo requests that the Court sever and transfer Plaintiff's claims against Indiegogo to the Northern District of California, or, in the alternative, order Plaintiff's claims against Indiegogo to arbitration.

**I.      The Forum-Selection Clause Requires That Plaintiff's Claims Against Indiegogo Be Transferred To The Northern District Of California.**

Plaintiff agreed to the Terms of Use when it created an account for hosting its crowdfunding campaign on Indiegogo's website. The Terms of Use state that "Legal Disputes Not Subject to Arbitration Will Be Handled In San Francisco, CA and Subject to California Law." Ex. C § 18. The Court should respect the Parties' agreement, enforce the forum-selection clause, and sever and transfer the claims against Indiegogo to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

When a party moves to transfer pursuant to a forum-selection clause under 28 U.S.C. § 1404(a), courts evaluate (1) whether the forum-selection clause is valid, enforceable, and mandatory, and (2) whether the forum-selection clause applies to the subject claims. *See Matthews v. Tidewater, Inc.*, 108 F.4th 361, 367 (5th Cir. 2024); *MSC Mediterranean Shipping Co. S.A. v. BNSF Ry. Co.*, No. 4:24-cv-01129, 2025 WL 546553, at *2–3 (N.D. Tex. Feb. 19, 2025). When the

movant meets these two requirements, the motion to transfer should be granted unless the non-movant can "establish[] that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013). In assessing the non-movant's showing, the court "may consider arguments about [the Section 1404(a)] public-interest factors only" because the parties' forum-selection clause is determined to conclusively establish the forum-selection clause as reflecting the private interests of the parties. *Id*. at 64. Because the public interest "will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

### A.    The Forum-Selection Clause Is Valid, Enforceable, And Mandatory.

There is a "strong presumption" that forum-selection clauses are valid and enforceable, which can be overcome only "by a clear showing that the clause is 'unreasonable' under the circumstances." *Noble House, LLC v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 248 (5th Cir. 2023) (citation omitted). A forum-selection clause is "unreasonable under the circumstances" in only four, narrow circumstances: (1) the clause "was the product of fraud or overreaching;" (2) the clause will deprive a party "of his day in court because of the grave inconvenience or unfairness of the selected forum;" (3) "the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy;" or (4) "enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (citation omitted). None of those four circumstances are present here, so the Court should enforce the forum-selection clause.

Forum-selection clauses included within "terms of use" or "terms and conditions" and accepted within "clickwrap" agreements have been found valid and enforceable throughout the Fifth Circuit countless times. *See, e.g., Wise Guys I v. Meta Platforms, Inc.*, No. 3:23-CV-0217, 2023 WL 8434452, at *1 (N.D. Tex. Dec. 4, 2023) (granting motion to transfer based on forum-

selection clause within "Terms of Service" clickwrap agreement); *Wilprit v. Cap. One Bank USA, N.A.*, No. 3:22-cv-00452, 2023 WL 8869366, at *2 (N.D. Tex. Nov. 30, 2023) (granting motion to transfer based on forum-selection clause within "terms and conditions" clickwrap agreement); *Cruz as Next Friend for F.M.C. v. Carnival Corp.*, No. 23-cv-00834, 2023 WL 4923974, at *1, *4 (W.D. Tex. Aug. 1, 2023) (granting motion to transfer based on forum-selection clause within "terms and conditions" clickwrap agreement); *Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 539, 551 (W.D. Tex. 2014) (granting motion to transfer based on forum-selection clause within "Terms of Use" clickwrap agreement).

This Court should reach the same conclusion. Plaintiff agreed to the Indiegogo Terms of Use when it created an account on Indiegogo's website to post its crowdfunding campaign. During the account creation process, Plaintiff was presented with the opportunity to review Indiegogo's Terms of Use and clicked a checkbox next to a statement that Plaintiff agreed to the Terms of Use. *See* Ex. A; Ringelmann Decl. ¶¶ 6, 10–11. Plaintiff reaffirmed its assent to the Terms of Use when it launched its crowdfunding campaign, too. *See* Ex. B; Ringelmann Decl. ¶¶ 7, 12–13. The Terms of Use, and consequently, the forum-selection clause, are enforceable.

Furthermore, no facts suggest that the forum-selection clause is "unreasonable under the circumstances." *Noble House, LLC*, 67 F.4th at 249. Plaintiff does not allege that it created its Indiegogo account as "the product of fraud or overreaching." *Haynsworth*, 121 F.3d at 963. Litigation in the Northern District of California will not deprive Plaintiff "of his day in court because of the grave inconvenience or unfairness of the selected forum." *Id*. (citation omitted). As Plaintiff alleges, its founders have recently litigated a case in the Central District of California, *see* Compl. ¶ 25, and Plaintiff itself appears to be currently litigating a case in San Diego, California. *See California v. Coast Runner Indus. Inc.*, Case No. 37-02024-00020896 (Cal. Super. Ct.).

Furthermore, a move to the Parties' chosen venue will not cause Plaintiff to be deprived "of a remedy." *Haynsworth*, 121 F.3d at 963. Finally, enforcement of the forum-selection clause will not "contravene a strong public policy of" Texas. *Id.*

Finally, Plaintiff's and Indiegogo's forum-selection clause is mandatory. "A forum selection clause is mandatory if it affirmatively requires that litigation arising from the contract be carried out in a given forum." *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020) (citation omitted). The forum-selection clause here states, in relevant part, that "Legal Disputes Not Subject to Arbitration **Will Be** Handled In San Francisco, CA." Ex. C § 18 (emphasis added). The phrase "will be" reflects a mandatory forum-selection clause. *See Morgan-Rinehart v. Van de Perre*, No. 16-cv-01327, 2017 WL 1383933, at *5 (W.D. Tex. Apr. 12, 2017) (enforcing as mandatory a forum-selection clause providing that all disputes "will be" litigated in a particular forum); *Wolfe v. CareFirst of Md., Inc.*, 2010 WL 1998290, at *1, *6 (E.D. Tex. Apr. 27, 2010), *R & R adopted*, 2010 WL 1998222 (E.D. Tex. May 18, 2010) (same). Every dispute between Plaintiff and Indiegogo that is not in arbitration—such as this one—"will be handled" in a San Francisco, California state court or the Northern District of California.

In sum, the forum-selection clause in this dispute is valid, enforceable, and mandatory.

**B.    The Forum-Selection Clause Applies To Plaintiff's Claims.**

The forum-selection clause applies to all claims that are not in arbitration. The mandatory nature of the clause—"will be"—combined with the broad subject matter—"legal disputes not subject to arbitration"—compels this conclusion. Plaintiff has brought suit against Indiegogo, so Plaintiff's claims against Indiegogo should be litigated in the Northern District of California pursuant to the agreed-upon forum-selection clause.

Moreover, even though not required to find an enforceable forum-selection clause, Plaintiff's claims plainly relate to the Terms of Use, which contains the forum-selection clause.

More specifically, the Terms of Use govern—among other things—when and how Indiegogo agrees to host crowdfunding campaigns on its website. *See, e.g.* Ex. C § 9(c) ("Indiegogo reserves the right to suspend or terminate a campaign"). Plaintiff alleges bad acts by Indiegogo in connection with its termination of Plaintiff's crowdfunding campaign on the Indiegogo platform. Accordingly, the Terms of Use and Plaintiff's claims here are closely related, and the forum-selection clause applies to Plaintiff's claims.

### C.    Public Interest Factors Do Not Override The Parties' Agreement.

When a forum-selection clause is valid, enforceable, mandatory, and extends to a plaintiff's claims, the clause should be "given controlling weight in all but the most exceptional cases." *Nay v. All. RV, LLC*, No. 24-cv-00168, 2024 WL 3311428, at *2 (W.D. Tex. Apr. 17, 2024) (citation omitted). The party who opposes transfer "bear[s] the burden of showing that public-interest factors [from Section 1404(a)] overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67. There are four public interest factors that a non-movant may rely on: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Sobel ex rel. SolarWinds Corp. v. Thompson*, No. 1:21-CV-272, 2023 WL 4356066, at *7 n.6 (W.D. Tex. July 5, 2023) (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Here, none of the four factors disfavor transfer, let alone come close to meeting Plaintiff's burden to show that this is an "exceptional case" sufficient to override the forum-selection clause.

First, transfer will not create administrative difficulties flowing from court congestion and, in fact, would lighten the heavy burden that is already on this Court.

Second, the "local interest" factor favors transfer to the Northern District of California, as Indiegogo is headquartered in California and maintains its principal place of business in the

Northern District of California. Compl. ¶ 13. As this Court recently explained, "the place of the alleged wrong is one of the most important factors in venue determinations." *BuzzBallz, LLC v. MPL Brands NV, Inc.*, No. 1:23-CV-1115, 2024 WL 3282492, at *7 (W.D. Tex. July 2, 2024) (citation omitted). In this case, Plaintiff's claims against Indiegogo center on Indiegogo's conduct, such as communications Indiegogo participated in and actions Indiegogo took with its crowdfunding platform—all activity that took place within the Northern District of California by virtue of Indiegogo's location in the Northern District of California. Compl. ¶ 13. For the same reasons, witnesses relevant to Plaintiff's claims against Indiegogo are more likely located in the Northern District of California than the Western District of Texas.

Third, the Northern District of California is well situated to handle the law that will govern this case, which will be both federal and state law, as Plaintiff has brought both federal and state claims. Even further, the Northern District of California has substantial experience with litigation involving websites' decisions to remove content from their platforms, which seems to be the fundamental issue here. *See, e.g.*, *Rogalinski v. Meta Platforms, Inc.*, 2022 WL 3219368, at *1 (N.D. Cal. Aug. 9, 2022) (suit based on allegation that Meta "violated the First amendment" by "censoring" plaintiff's Facebook posts about COVID-19), *aff'd* 2023 WL 7876519 (9th Cir. Nov. 16, 2023); *O'Handley v. Padilla*, 579 F. Supp. 3d 1163 (N.D. Cal. 2022) (suit based on allegation that Twitter engaged in a conspiracy to censor certain users), *aff'd* 62 F.4th 1145 (9th Cir. 2023); *Children's Health Def. v. Facebook Inc.*, 546 F. Supp. 3d 909 (N.D. Cal. 2021) (suit based on allegation of conspiracy to flag certain COVID-19 posts on Facebook as misinformation), *aff'd* 112 F.4th 742 (9th Cir. 2024).

That Plaintiff also brought state law claims further supports transfer, because Plaintiff and Indiegogo agreed that California law—and not Texas law—governs all disputes between the

parties. Ex. C § 18 ("The Terms and the relationship between you and Indiegogo shall be governed in all respects by the laws of the State of California[.]); *Atl. Marine*, 571 U.S. at 65–66 ("The court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right."). Even if Texas law does apply to some part of this dispute, though, "'[f]ederal judges routinely apply the law of a State' other than the one in which they sit." *In re TikTok, Inc.*, 85 F.4th 352, 365 (5th Cir. 2023) (citation omitted).

Fourth and finally, transfer will not create any problems of conflict of laws, as Plaintiff and Indiegogo's agreement provides that the substantive law of California applies, Ex. C § 18, whether this case continues in the Western District of Texas or is transferred to the Northern District of California.

In sum, none of the public interest factors support this matter remaining in the Western District of Texas. Consequently, Plaintiff cannot meet its burden to demonstrate that the public interest "overwhelmingly disfavor[s]" transfer. *Atl. Marine*, 571 U.S. at 67.

### D. The Court Should Sever The Claims Against Indiegogo.

The agreement between Plaintiff and Indiegogo requires a California forum, so Plaintiff's claims against Indiegogo should be severed and transferred. The procedure by which this should be accomplished is Rule 21 of the Federal Rules of Civil Procedure, which provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Indeed, the Fifth Circuit has granted mandamus relief ordering severance and transfer after a district court declined to sever and transfer the claims of one defendant in a multi-defendant case. *See In re Rolls Royce Corp.*, 775 F.3d 671, 681 (5th Cir. 2014). In *Rolls Royce*, like in this case, the plaintiff had an agreement that included a forum-selection clause with one defendant, but had no such agreement with the other defendants. *Id.* at 674. In reversing the district court and ordering severance and transfer, the Fifth Circuit explained that because the plaintiff was party to the

agreement with a forum-selection clause, the 28 U.S.C. § 1404(a) private interest factors relating to plaintiff "as [a] matter of law, cut in favor of severance and transfer to the contracted for forum." *Id*. at 681. Because there was no "evidence in the record" indicating that the Section 1404(a) public interest factors required keeping all parties together, the Fifth Circuit granted mandamus relief, and ordered that the plaintiff's claims against one defendant be severed and transferred. *Id.* at 683.

Plaintiff's and Indiegogo's agreement includes a forum-selection clause mandating California as the venue for all disputes between Plaintiff and Indiegogo, and there is no evidence in the record suggesting that public interest factors require keeping all parties together. Ex. C § 18. Plaintiff's claims against Indiegogo, therefore, should be severed and transferred to the proper forum.

## II.    The Arbitration Clause Requires That Plaintiff's Claims Against Indiegogo Be Ordered to Arbitration.

Plaintiff agreed to the Terms of Use when it created an account for hosting its crowdfunding campaign on Indiegogo's website. The Terms of Use state that all disputes between Plaintiff and Indiegogo must be referred to arbitration. Ex. C § 19. The Court should respect the Parties' agreement, enforce the arbitration clause, and order Plaintiff's claims against Indiegogo to arbitration.

The Federal Arbitration Act ("FAA") embodies a "national policy favoring arbitration and 'a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.'" *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 345–46 (2011) (citation omitted). The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In evaluating a motion to compel arbitration, the court "must pay

careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).

Courts in the Fifth Circuit employ a two-step process in evaluating a motion to compel arbitration: first, asking whether an agreement exists in the first place, and, second, asking whether the relevant claims are subject to arbitration. *See Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 203–04 (5th Cir. 2016). On the latter question, though, parties to a contract can delegate the question of arbitrability to the arbitrator, in which case the reviewing court asks only if there is a delegation clause at all, and if so, refers the matter to arbitration. *Id.* at 203. Here, Plaintiff and Indiegogo entered into an agreement to arbitrate, and the agreement delegates the question of arbitrability to the arbitrator. Accordingly, the claims against Indiegogo should be ordered to arbitration.

### A.    Plaintiff And Indiegogo Formed A Valid Agreement To Arbitrate.

When a party seeks to compel arbitration based on a contract, the first inquiry is "whether the parties entered into *any arbitration agreement at all*." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). "This first step is a question of contract formation only—did the parties form a valid agreement to arbitrate some set of claims." *IQ Prods. Co. v. WD-40 Co.*, 871 F.3d 344, 348 (5th Cir. 2017). Here, the agreement has a choice of law provision identifying California law as the controlling law. Ex. C § 18.

When Plaintiff created an account for Indiegogo's crowdfunding platform on February 28, 2024, it was presented with the statement "I agree to the Terms of Use and have read and understand the Privacy Policy" next to an un-checked checkbox. Ex. A; Ringelmann Decl. ¶¶ 6, 10–11. The phrase "Terms of Use" is a hyperlink to the webpage https://www.indiegogo.com/about/terms, which reflects Indiegogo's Terms of Use, containing the Parties' arbitration agreement. Ex. C; Ringelmann Decl. ¶ 6. Moreover, Plaintiff had to click the

checkbox next to the "I agree…" statement before it could create an account. Ringelmann Decl. ¶¶ 6, 10–11. By presenting the Terms of Use directly to Plaintiff, and by requiring that Plaintiff click the checkbox next to the statement "I agree…" to create an account, Indiegogo provided sufficient notice that Plaintiff was accepting the Terms of Use by proceeding. Had Plaintiff not accepted the Terms of Use, it could not have created an account on Indiegogo's crowdfunding platform. Ringelmann Decl. ¶¶ 6, 10–11.

Moreover, Plaintiff reaffirmed its acceptance of the Terms of Use and arbitration provision the very next day. When Plaintiff created and attempted to launch its crowdfunding campaign for the CR-1 on February 29, 2024, it was presented with the statement that "By clicking 'Launch Campaign' you agree to Indiegogo's Terms of Use." Ex. B; Ringelmann Decl. ¶¶ 7, 12–13. The phrase "Terms of Use" is a hyperlink to the webpage https://www.indiegogo.com/about/terms, which reflects Indiegogo's Terms of Use that contains the Parties' arbitration agreement. Ex. C; Ringelmann Decl. ¶ 7. After being presented with this notice, Plaintiff clicked "Launch Campaign," once again accepting the Terms of Use and the arbitration provision. Ringelmann Decl. ¶¶ 7, 12–13. Had Plaintiff not accepted the Terms of Use, it could not have launched its CR-1 crowdfunding campaign on Indiegogo's website. Ringelmann Decl. ¶ 7.

Whether decided under California or Texas law, the outcome is the same. Plaintiff and Indiegogo entered into an arbitration agreement, as such agreements are enforceable under either state's law. This "clickwrap" procedure for arbitration contract formation is consistently enforced by courts applying Texas law. *See, e.g.*, *Johnson v. Sw. Recovery Servs. Inc.*, No. 3:22-CV-242, 2023 WL 1944127, at *7 (N.D. Tex. Jan. 24, 2023) (enforcing clickwrap arbitration agreement under Texas law, where acceptance was made "by creating an account"), *R & R adopted* 2023 WL 1879999 (Feb. 10, 2023); *Klebba v. Netgear, Inc.*, No. 1:18-CV-438, 2019 WL 453364, at *4 (W.D.

Tex. Feb. 5, 2019) (enforcing clickwrap agreement under Texas law where movant provided evidence that plaintiff could not have created account without accepting the terms); *Samuels v. Bird Rides, Inc.*, No. 19-cv-01025, 2020 WL 4557054, at *2 (W.D. Tex. June 6, 2020) (enforcing clickwrap agreement under Texas law where movant provided evidence that plaintiff could not have unlocked a Bird scooter without accepting the terms, and plaintiff alleged that he unlocked a Bird scooter); *In re Online Travel Co.*, 953 F. Supp. 2d 713, 718–19 (N.D. Tex. 2013) (enforcing clickwrap agreement under Texas law).

The same is true for California law: clickwrap agreements that include arbitration provisions are enforceable. *See, e.g.*, *Bugarin v. All Nippon Airways Co.*, No. 20-cv-03341, 2021 WL 4974978, at *3 (N.D. Cal. Oct. 26, 2021) (enforcing clickwrap arbitration agreement under California law where movant provided evidence that transaction could not be completed without accepting terms); *Nevarez v. Forty Niners Football Co.*, No. 16-cv-07013, 2017 WL 3492110, at *6–8 (N.D. Cal. Aug. 15, 2017) (enforcing clickwrap arbitration agreement under California law where assent given pursuant to presentation of statement that "By continuing past this page, you agree to our terms of use."); *Rodriguez v. Experian Servs. Corp.*, No. 15-cv-3553, 2015 WL 12656919, at *2 (N.D. Cal. Oct. 5, 2015) (enforcing clickwrap arbitration agreement under California law where assent given pursuant to presentation of statement that "By clicking the button above . . . you agree to our Terms of Use").

In light of the foregoing, Indiegogo has established that Plaintiff agreed to the Terms of Use, therefore entering into an agreement to arbitrate with Indiegogo.

## B.    Plaintiff And Indiegogo Agreed That The Arbitrator Would Decide Issues of Arbitrability.

Because Plaintiff and Indiegogo have an agreement to arbitrate, the only remaining question for the Court is whether the arbitration agreement delegates the question of arbitrability

to the arbitrator, or if the issue is reserved for the Court. *Kubala*, 830 F.3d at 202. "If there is a valid delegation [to the arbitrator], the court must grant the motion to compel arbitration." *Archer & White Sales, Inc. v. Henry Schein Inc.*, 935 F.3d 274, 278–79 (5th Cir. 2019). "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 68 (2019).

> The Terms of Use contain a delegation clause, which states as follows:
>
> The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of these Terms, Additional Policies, or the Privacy Policy, including but not limited to any claim that all or any part of these Terms, Additional Policies, or Privacy Policy is void or voidable, whether a claim is subject to arbitration, or the question of waiver by litigation conduct.

Ex. C § 19. The breadth of this language compels the conclusion that all issues, including whether Plaintiff's claims are arbitrable, should be submitted to the arbitrator. Indeed, this language is substantially similar to, and arguably broader than, delegation clauses enforced by the Fifth Circuit. *See Kubala*, 830 F.3d at 204 (finding valid delegation clause as follows: "The arbitrator shall have the sole authority to rule on his/her own jurisdiction, including any challenges or objections with respect to the existence, applicability, scope, enforceability, construction, validity and interpretation of this Policy and any agreement to arbitrate a Covered Dispute."); *Matter of Willis*, 944 F.3d 577, 583 n.19 (5th Cir. 2019) (finding a valid delegation clause in following language across two agreements: (1) "[t]he Arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the Arbitration Agreement, or the to the [sic] arbitrability of any claim or counterclaim."; and (2) the

agreement applies to disputes over "[w]hether the claim or dispute must be arbitrated" and "the validity of this arbitration agreement."). Because Plaintiff's and Indiegogo's arbitration provision delegates the question of arbitrability to the arbitrator, Plaintiff's claims should be referred to arbitration.

Even if the Court does evaluate the question of the scope of the arbitration provision, Plaintiff's claims against Indiegogo are within the scope of the Parties' agreement, and Plaintiff's claims against Indiegogo are arbitrable. *See In re Online Travel Co.*, 953 F. Supp. 2d 713, 723 (N.D. Tex. 2013) (ordering antitrust claim to arbitration). *See also Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000) ("even claims arising under a statute designed to further important social policies may be arbitrated"). The arbitration agreement that Plaintiff repeatedly assented to covers "any and all disputes" between Indiegogo and Plaintiff. This is a dispute between Indiegogo and Plaintiff. The Terms of Use therefore require Plaintiff and Indiegogo to arbitrate the dispute.

### C.    Plaintiff's Claims Against Indiegogo Should Be Stayed And Ordered To Arbitration.

A binding arbitration agreement exists between Plaintiff and Indiegogo. In that agreement, Plaintiff and Indiegogo agreed that all claims and issues will be decided by the arbitrator. Accordingly, Plaintiff's claims against Indiegogo should be ordered to arbitration pursuant to the Terms of Use that Plaintiff repeatedly agreed to.

Furthermore, Plaintiff's claims against Indiegogo are subject to a mandatory stay pending completion of the arbitration pursuant to Section 3 of the FAA, 9 U.S.C. § 3. *See Smith v. Spizzirri*, 601 U.S. 472 (2024) (holding that Section 3 of the FAA requires a stay, rather than dismissal, of a case that is ordered to arbitration upon a parties' request). Plaintiff requests such a stay pursuant to Section 3 of the FAA.

## CONCLUSION

Indiegogo asks that the Court enforce the agreement between Plaintiff and Indiegogo, and sever and transfer Plaintiff's claims against Indiegogo to the Northern District of California, or alternatively, order Plaintiff's claims against Indiegogo to arbitration.

Date: February 28, 2025

Respectfully submitted,

**PAUL HASTINGS LLP**

By:  */s/ Paul R. Genender*
Paul R. Genender
Texas State Bar No. 00790758
paulgenender@paulhastings.com
2001 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone:        1(972) 936-7500
Facsimile:        1(972) 936-7501

Ryan Phair (*pro hac vice* pending)
ryanphair@paulhastings.com
2050 M Street NW
Washington, DC 20036
Telephone:        (202) 551-1751

*Attorneys for Defendant*
*INDIEGOGO, INC.*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7G, I certify that counsel for Indiegogo, Inc. conferred with counsel for Coast Runner, Inc. on February 28, 2025, in a good faith effort to resolve this Motion by agreement. No agreement could be made because counsel for Indiegogo understands that counsel for Coast Runner opposes this Motion on the basis that some or all of Coast Runner's claims are not subject to forum-selection clauses or arbitration agreements.

*/s/ Paul R. Genender*
Paul R. Genender

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was electronically filed in compliance with local rules. As such, this document was served on all known counsel who have consented to electronic service on this 28th day of February, 2025.

*/s/ Paul R. Genender*
Paul R. Genender